# Exhibit B

Bk: 51595 Pg: 325

COMMONWEALTH OF MASSACHUSETTS

WORCESTER, ss.  SUPERIOR COURT DEPARTMENT
CIVIL ACTION NO.
13-1780C

TRUSTEES OF THE STONEGATE )
CONDOMINIUM TRUST, )
    Plaintiffs )
)
vs. )
) COMPLAINT
BRENDA E. MCCARTHY a/k/a BRENDA )
MCCARTHY-TRAYAH, )
    Defendant )
)
and )
)
GREEN TREE SERVICING, LLC, )
    Defendant/Party-In-Interest )

FILED
OCT 0 2 2013
ATTEST: [signature] CLERK

PRELIMINARY STATEMENT

1. This is an in rem action brought by the organization of unit owners of a condominium (a) pursuant to M.G.L. c. 183A, ss. 6(a) and 6(c) and c. 254, ss. 5 and 5A, to establish and enforce a lien for unpaid common expenses. This action further seeks a determination of the priority of the unit owner organization's lien under M.G.L. c. 183A, s. 6(c).

PARTIES

2. The Plaintiffs, the Trustees of the Stonegate Condominium Trust (hereinafter referred to as the "Organization of Unit Owners"), are the duly elected/appointed members of the governing body of the Stonegate Condominium Trust under a Declaration of Trust dated June 2, 1986, and recorded with the Worcester County Registry of Deeds (hereinafter referred to as "Registry of Deeds") in Book 9497, Page 183, which Organization of Unit Owners is the organization of unit owners of the Stonegate Condominium, a condominium established by Master Deed dated June 2, 1986, and recorded with the Registry of Deeds in Book 9497, Page 150, (hereinafter

Case 4:14-cv-10092-DHH Document 1-2 Filed 01/14/14 Page 3 of 11

Bk: 51595 Pg: 326

referred to as the "Condominium"). The Condominium is located in Dudley, Worcester County, Massachusetts. The Plaintiffs bring this action pursuant to their powers in the said Declaration of Trust of the Condominium and/or in M.G.L. c. 183A, s. 10(b)(4). Additionally, they bring this action on behalf of all other parties in interest pursuant to M.G.L. c. 254, s. 5.

3.   The Defendant, Brenda E. McCarthy a/k/a Brenda McCarthy-Trayah, (hereinafter referred to as the "Defendant") is the record owner of Unit #20, 6 Wysocki Drive, Dudley, MA, at the Condominium (hereinafter referred to as the "Unit"), pursuant to a Unit Deed dated September 29, 1989, and recorded with the Registry of Deeds in Book 12379, Page 1. The Defendant maintains an address of 15 Park Ville Avenue, Worcester, MA 01606.

4.   The Defendant/Party-In-Interest, Green Tree Servicing LLC, (hereinafter referred to as the "First Mortgagee") has a place of business at 7360 South Kyrene Road, T314, Tempe, AZ 85283, and is the holder of a first mortgage of record upon the Unit dated November 24, 1998, and recorded with the Registry of Deeds in Book 20725, Page 55, by an Assignment of Mortgage dated August 27, 2013, and recorded with the Registry of Deeds in Book 51468, Page 282.

## FACTS

5.   Pursuant to M.G.L. c. 183A, s. 6, and the applicable provisions of the Condominium's documents, there is a lien against the Unit in the amount of $3,707.32 (hereinafter "common expenses").

6.   Pursuant to M.G.L. c. 183A, s. 6(a) the lien includes attorney's fees and costs incurred by the Plaintiff in pursuing this matter in accordance with said provisions.

7.   Pursuant to M.G.L. c. 183A, s. 6(c), the Plaintiffs did give the Defendant notice by certified and first class mail.

8.   Pursuant to M.G.L. c. 183A, s. 6(c), the Plaintiffs did give notice to the First Mortgagee, by certified and first class mail, of their intent to file this action.

## CAUSES OF ACTION

### COUNT I - AGAINST THE UNIT

9. Pursuant to the provisions of M.G.L. c. 183A, ss. 6(a) and 6(c), the amount due as aforesaid, and as such attorney's fees and costs may additionally accrue hereafter, constitute a lien upon the Unit.

### COUNT II - ESTABLISHING THE PRIORITY OF THE LIEN

10. Pursuant to the provisions of M.G.L. c. 183A, s. 6(c), the lien on the Unit has priority over all other liens and encumbrances except (a) liens and encumbrances recorded prior to the recording of the aforesaid Master Deed, (b) liens for real estate taxes and other municipal assessments or charges, and (c) any first mortgage of record; provided, however, that as to the first mortgage of record the Plaintiffs' lien is prior thereto to the extent of monthly common expense assessments which became due during the six months prior to the institution of this action plus all attorneys' fees and collection costs incurred by the Plaintiffs in the enforcement thereof.

### PRAYER

WHEREFORE the Plaintiffs pray that this Honorable Court:

1. Declare that there is a lien upon the Unit in the amount as may be found.
2. Declare that the lien is entitled to the priority as provided for by law.
3. Order the sale of the Unit to satisfy, in whole or in part, the declared lien.
4. Grant possession of the Unit as a part of said sale.
5. Grant such other relief as may be just and proper.

Bk: 51595 Pg: 328

Respectfully submitted,

TRUSTEES OF THE STONEGATE CONDOMINIUM TRUST,

By their attorneys,

MARCUS, ERRICO, EMMER & BROOKS, P.C.

Janet Oulousian Aronson, Esq.
BBO #557646
45 Braintree Hill Office Park, Suite 107
Braintree, MA 02184
(781) 843-5000
jaronson@meeb.com

DATED: September 30, 2013

NOTICE

THE LAW FIRM OF MARCUS, ERRICO, EMMER & BROOKS, P.C. IS A DEBT COLLECTOR. WE ARE ATTEMPTING TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

A true copy by photostatic process
Attest: Karen A Zona
Asst. Clerk

ATTEST: WORC Anthony J. Vigliotti, Register

| CIVIL ACTION COVER SHEET | DOCKET NO. *(to be added by Clerk)* | Trial Court of Massachusetts Superior Court Department County: __Suffolk__ |
|---|---|---|
| PLAINTIFF(S): Trustees of the Stonegate Condominium Trust | | DEFENDANT(S): Brenda E. McCarthy a/k/a Brenda McCarthy-Trayah and Green Tree Servicing, LLC |
| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE 1-781-843-5000 Janet Oulousian Aronson Marcus, Errico, Emmer & Brooks P.C. 45 Braintree Hill Office Park, Suite 107, Braintree, MA 02184 Board of Bar Overseers number: 557646 | | ATTORNEY (if known) |

### Origin code and track designation

Place a x in one box only:
X 1. F01 Original Complaint
   2. F02 Removal to Sup.Ct.C.231, s.104 (Before trial) (F)
   3. F03 Retransfer to Sup.Ct.C.231,s.102C (X)
   4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
   5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P60) (X)
   6. E10 Summary Process Appeal (X)

### TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| C05 | Condominium Lien and Charges | (X) | ( )YES ( X )NO |

The following is full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damages claims; indicate single damages only.

### TORT CLAIMS
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses:............................................................................................$_____
2. Total doctor expenses:..............................................................................................$_____
3. Total chiropractic expenses:......................................................................................$_____
4. Total physical therapy expenses:...............................................................................$_____
5. Total other expenses *(Describe)*:..............................................................................$_____
                                                                                   Subtotal:$_____
B. Documented lost wages and compensation to date:............................................................$_____
C. Documented property damages to date:...............................................................................$_____
D. Reasonably anticipated future medical and hospital expenses:..........................................$_____
E. Reasonably anticipated lost wages:......................................................................................$_____
F. Other documented items of damage *(Describe)*:................................................................$_____

G. Brief description of Plaintiff's injury, including nature and extent of injury *(Describe)*:

                                                                                       TOTAL:   $___N/A___

### CONTRACT CLAIMS
(Attach additional sheets as necessary)

Provide a detailed description of claims (s): This is an action to enforce a statutory lien for unpaid common expense pursuant to M.G. L. c. 183A, s. 6 and c. 254, ss. 5 and 5A.          TOTAL: $3,707.32

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN SUPERIOR COURT DEPARTMENT

" I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _____   DATE: __9/30/13__
                                        Janet Oulousian Aronson, Esquire

# Commonwealth of Massachusetts
## County of Worcester
## The Superior Court

CIVIL DOCKET # WOCV2013-01780-C
Courtroom CtRm 26- 4th (225 Main St.)

RE: Stonegate Condominium Trust Trustees v McCarthy
TO:
Janet Oulousian Aronson, Esquire
Marcus Errico Emmer & Brooks
45 Braintree Hill Office Park
Suite 107
Braintree, MA 02184-8733

## SCHEDULING ORDER FOR X TRACK

You are hereby notified that this case is on the track referenced above as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated.

| STAGES OF LITIGATION | DEADLINES |
| --- | --- |
| Service of process made and return filed with the Court by | 12/31/2013 |
| case shall be resolved and judgment shall issue by 09/27/2014. | 09/27/2014 |

- The final pre-trial deadline is <u>not the scheduled date of the conference</u>.
- You will be notified of that date at a later time.
- Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.

Dated: 10/03/2013

Dennis P. McManus, Esq.
Clerk of the Court

Location: CtRm 26- 4th (225 Main St.)
Telephone: 508-831-2358 (Session Clerk) or 508-831-2347

Disabled individuals who need handicap accommodations should contact the Administrative Office of the Superior Court at (617)

# NOTICE REGARDING ALL CIVIL CASES

## OCTOBER 1, 2012

This notice and the attached Superior Court Standing Order 1-09 shall be served on all defendants, along with the complaint and summons.

Counsel should be aware that full compliance with Superior Court Standing Order 1-09, which became effective on January 12, 2009, will be expected on and after October 1, 2012. Interrogatory answers and responses to requests for documents, whether or not prepared before October 1, 2012, when before the Court in connection with motions to compel, will be considered after that date in light of the requirements of the Standing Order.

## SUPERIOR COURT STANDING ORDER 1-09.
## WRITTEN DISCOVERY

(Applicable to All Counties)

1. **Uniform definitions in discovery requests**

(a) Incorporation by Reference and Limitations. The full text of the definitions set forth in paragraph (1)(c) is deemed incorporated by reference into all discovery requests, but shall not preclude (i) the definition of other terms specific to the particular litigation; (ii) the use of abbreviations; or (iii) a narrower definition of a term defined in paragraph (1)(c).

(b) Effect on Scope of Discovery. This rule is not intended to broaden or narrow the scope of discovery permitted by the Massachusetts Rules of Civil Procedure.

(c) Definitions. The following definitions apply to all discovery requests, unless otherwise ordered by the court:

(1) *Communication*. The term "communication" means the transmittal of information (in the form of facts, opinions, ideas, inquiries, or otherwise).

(2) *Document*. The term "document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Mass. R. Civ. P. 34(a). An earlier draft is a separate document within the meaning of this term.

(3) *Identify (With Respect to Persons)*. When referring to a natural person, to "identify" means to give, to the extent known, the person's (a) full name, (b) present or last known address, and (c) the present or last known place of employment. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

(4) *Identify (With Respect to Entities)*. When referring to an entity, to "identify" means to give, to the extent known, (a) the entity's full name, including (when not apparent from the name) the nature of the entity, e.g. corporation, limited liability corporation, partnership, or professional corporation, (b) present or last known address of its headquarters or principal place of business, and (c) the state in which the entity is incorporated or otherwise created. Once an entity has been identified in accordance with this subparagraph, only the name of that entity need be listed in response to subsequent discovery requesting the identification of that entity.

(5) *Identify (With Respect to Documents)*. When referring to documents, to "identify" means to give, to the extent known: (a) the type of document; (b) the general subject matter; (c) the date of the document; (d) the author or authors, according to the document; and (e) the persons to whom, according to the document, the document (or a copy) was to have been sent.

(6) *Parties*. The term "plaintiff" or "defendant," as well as a party's full or abbreviated name or a pronoun referring to a party, mean the party and, where applicable, its officers, directors, employees, partners, corporate parent, and subsidiaries. This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

37

(7) *Person*. The term "person" means any natural person or any business, legal, or governmental entity.

(8) *Concerning*. The term "concerning" means referring to, describing, offering evidence of, or constituting.

(9) *State the Basis or State all Facts*. When an interrogatory calls upon a party to "state the basis" of or "state all facts" concerning a particular claim, allegation, or defense (or uses comparable language), the party shall provide a substantial summary of the factual basis supporting the claim, allegation, or defense at the time the interrogatory is answered. The summary shall: (a) identify the essential acts or failures to act forming the substance of the claim, allegation, or defense, (b) identify the persons and entities that, through firsthand information or possession of documents, are the sources of the party's information regarding the claim, allegation, or defense, and (c) when one or more documents is the basis of the claim, allegation, or defense, such as a written contract in a contractual claim or defense, or a written misrepresentation in a misrepresentation claim, identify (or provide as part of the interrogatory answer a copy of) each such document. In stating the basis, a party may not withhold information from the interrogatory answer because it derives from attorney work product or was obtained in anticipation of litigation if the party intends to offer this information at trial.

2. **Objections to Interrogatories**

General objections to interrogatories are prohibited. Each objection to an interrogatory shall be specific to that interrogatory and shall have a good faith basis. If a party refuses to answer an interrogatory, the party shall so state and identify each objection asserted to justify the refusal to answer. If a party, after having asserted an objection, answers the interrogatory, the answer shall state either: (a) notwithstanding the objection no information has been withheld from the answer, or (b) information has been withheld from the answer because of the objection. Where information has been withheld from the answer, the objecting party shall describe the nature of the information withheld and identify each objection asserted to justify the withholding.

3. **Objections to Requests for the Production of Documents and Things**

(a) Where a party serves a response to a request for production of documents and things under Mass. R. Civ. P. 34 before production is completed, the response may include general objections. However, where general objections are made, the responding party shall prepare and serve a supplemental response no later than 10 days after the completion of production.

(b) Once production is completed, general objections to requests for production of documents and things are prohibited. As to each request, the supplemental response shall state either: (i) notwithstanding prior general objections, all responsive documents or things in the possession, custody, or control of the responding party have been produced; (ii) after diligent search no responsive documents or things are in the possession, custody, or control of the responding party; or (iii) the specific objection made to the request. When specific objection is made, the response shall describe the nature of all responsive documents or things in the possession,

custody, or control of the responding party that have not been produced because of the objection. Where a privilege log is required by Mass. R. Civ. P. 26(b)(5) or court order, the log shall be served with the supplemental response, unless the requesting party waives entitlement to the log or agrees to a later date for service.

(c) In the initial written response, the responding party shall articulate with clarity the scope of the search conducted or to be conducted. If the scope of the search changes during production, the responding party in the supplemental written response shall articulate with clarity the change in scope. If the scope of the search does not include all locations, including electronic storage locations, where responsive documents or things reasonably might be found, the responding party shall explain why these locations have been excluded from the scope of the search.

Barbara J. Rouse
Chief Justice
Superior Court

Adopted Effective: January 12, 2009